IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELHADJI DAOUDA DIOP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-07-245-T |
| ) | |
| ALBERTO GONZALES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Robert E. Bacharach issued pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Petitioner has filed a timely objection to the Report, which recommends that summary judgment be granted to Respondents on certain claims and that a new referral be made for the remaining claims. The Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner appears *pro se* to obtain release by U.S. Immigration and Customs Enforcement because he has been detained more than six months following a final removal order. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on alleged statutory and constitutional violations. Respondents have moved to dismiss the claims involving indefinite detention, which motion Judge Bacharach has converted to one for summary judgment. After conducting a thorough analysis, Judge Bacharach finds Respondents are entitled to a summary judgment on these claims because Petitioner has failed to show his removal is unlikely.

Petitioner's objection does not address Judge Bacharach's Report but merely argues the merits of the claims under consideration. Liberally construed, the Court views the objection as preserving two issues for review. First, Petitioner seeks to place the burden on Respondents to show his continued detention is authorized because he is likely to be removed in the reasonably foreseeable future. *See* Objection [Doc. 19] at 2, 3 ("ICE has not satisfied its burden"). Second, Petitioner contends Respondents have not met this burden because they have not shown Senegal is likely to issue travel documents for him anytime soon. Petitioner in his argument disputes the deportation officer's testimony that Petitioner's family appears to be cooperating in obtaining documents to establish his citizenship that will permit the Sengalese government to issue the necessary travel papers. *See* Objection [Doc. 19] at 2. The Court rules on these objections as follows.

Upon *de novo* review of the issues, the Court finds itself in complete agreement with Judge Bacharach. The Supreme Court expressly stated in *Zadvydas v. Davis*, 533 U.S. 678 (2001): "After this 6-month [presumptively reasonable] period, **once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future**, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701 (emphasis added). Accordingly, appellate courts have uniformly held: "The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *see Xi v. I.N.S.*, 298 F.3d 832, 839-40 (9th Cir. 2002). Thus Judge Bacharach properly looked to Plaintiff to show an unlikelihood of removable in the reasonably foreseeable future.

Further, although Petitioner is a *pro se* litigant whose pleadings are held to a less stringent standard than ones drafted by lawyers, this Court may properly insist that he "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)). Judge Bacharach carefully advised Petitioner of his obligation to respond to Respondents' motion in a proper manner. *See* Order 4/20/2007 [Doc. 15] at 1-2. Petitioner filed no timely response to the motion. Even in his objection, Petitioner has failed to set forth specific facts in the manner required by Fed. R. Civ. P. 56. In any event, accepting as true the factual argument presented in Petitioner's objection, he has not shown a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner has not alleged the existence of any impediment to the issuance of necessary travel documents that cannot be easily satisfied.

Therefore, the Court adopts Judge Bacharach's Report and Recommendation [Doc. 18] in its entirety. The Court grants Respondents' motion to dismiss or for summary judgment [Doc. 14] on Petitioner's claims challenging his indefinite detention. The matter is re-referred to Judge Bacharach under 28 U.S.C. § 636(b)(1) for further proceedings on the remaining claims.

IT IS SO ORDERED this 18th day of July, 2007.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE