IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELHADJI DAOUDA DIOP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-07-245-D |
| ) | |
| ALBERTO GONZALES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Robert E. Bacharach [Doc. 27] issued pursuant to 28 U.S.C. § 636(b)(1). Judge Bacharach recommends that Respondents' motion to dismiss certain claims be granted in part and denied in part and that the matter be re-referred for further proceedings.[1] Respondents have timely objected.[2] Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner appears *pro se* to obtain release by U.S. Immigration and Customs Enforcement ("ICE") because he has been detained more than six months, and now seventeen months, following a final order of removal.[3] Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on alleged statutory and constitutional violations. The Court has previously adopted a Report

---

[1] Judge Bacharach makes no recommendation regarding Petitioner's pending motion for appointment of counsel [Doc. 25].

[2] Although Petitioner obtained an extension of time to file an objection, his only filing is a response to Respondents' objection, in which he primarily re-argues his claim that indefinite detention violates his right to substantive due process. This claim was addressed by a previous Report [Doc. 18] and a prior Order [Doc. 20], discussed below. To the extent Petitioner's filing could be construed as an objection to the current Report, however, it has been so considered.

[3] Petitioner's order of removal became final on September 13, 2006. *See* Report & Recom. of 6/19/07 [Doc. 18] at 4, n.2; Respondents' Mot. Dismiss [Doc. 14], Ex. 3.

and Recommendation issued June 19, 2007 [Doc. 18], and granted a motion for summary judgment (filed as a motion to dismiss) on statutory and constitutional claims involving indefinite detention. *See* Order 7/18/07 [Doc. 20].[4] Respondents now seek a dismissal of the remaining claims, which allege: (1) mandatory detention is unconstitutional; (2) Petitioner has been deprived of procedural due process; and (3) prolonged detention violates international law and treaty obligations.

## Mandatory Detention

Petitioner is a native and citizen of Senegal. He was admitted to the United States in 1999 for a temporary period as a nonimmigrant visitor. Because he remained without authorization, ICE initiated removal proceedings under Section 237(a)(1)(B) of the Immigration and Nationality Act as amended, 8 U.S.C. § 1227(a)(1)(B), on September 1, 2006.[5] A final order of removal has been entered, and the removal period has expired.[6] As pertinent here, Petitioner claims that "[m]andatory detention is unconstitutional" and, specifically, that Section 236(c) of the Act, 8 U.S.C. § 1226(c), "violates substantive and procedural due process by creating an irrefutable presumption that all non-citizens affected by the statutory provision are a threat to society and must be detained." *See* Pet. [Doc. 1, attach. 1] at 10-11. In support of dismissal, Respondents contend Section 241(a) of the Act, 8 U.S.C. § 1231(a), as construed by *Zadvydas v. Davis*, 533 U.S. 678 (2001), authorizes Petitioner's detention pending his removal, and Section 236(c) is inapplicable under the circumstances. In any event, Respondents note the Supreme Court has decided the constitutionality of Section 236(c). *See Denmore v. Kim*, 538 U.S. 510, 513 (2003).

---

[4] Upon Judge Bacharach's recommendation, the matter was recommitted to him to address other claims alleged in the Petition.

[5] *See* Compl. [Doc. 1] at 4-5, ¶ 14 ("I was charged with overstaying my visa as a violation that put me on deportation proceedings."); *see also* Respondents' Mot. Dismiss [Doc. 14], Ex. 2.

[6] During the pendency of this case, Petitioner has been transferred to a detention center in Texas.

Judge Bacharach correctly concludes that Petitioner's challenge to the constitutionality of Section 1226(c) fails as a matter of law. That statute mandates the detention of certain criminal aliens during the pendency of removal proceedings. It has no application to Petitioner, who was not charged with being deportable due to a criminal conviction and whose removal proceeding ended with the issuance of the removal order. *See Andrade v. Gonzalez*, 459 F.3d 538, 543 (5th Cir. 2006) (§ 1231, not § 1226(c), governs detention during a "removal period," which begins with finality of a removal order). At the time of the Petition and throughout this case, Petitioner has been detained pursuant to Section 1231(a) and *Zadvydas*.[7] Petitioner cannot challenge the constitutionality of a statute that does not impact his detention.

### International Law

Judge Bacharach finds no basis for a habeas claim arising from alleged violations of international law. Petitioner has failed to make any timely, specific objection to this finding and thus has waived further review of this issue. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### Procedural Due Process

Judge Bacharach finds sufficient to withstand dismissal under Fed. R. Civ. P. 12(b)(6) Petitioner's claim of a deprivation of procedural due process based on allegations that ICE does not decide "custody status in a neutral and impartial manner" and has failed "to provide a neutral decision-maker to review the continued custody of Petitioner." *See* Pet. [Doc. 1] at 8-9, ¶ 27. Respondents challenge this conclusion on the basis of federal pleading standards; they contend Petitioner's factual allegations are too vague and conclusory to state a procedural due process claim.

---

[7] Petitioner's claim challenging the constitutionality of his detention under Section 1231(a) was the subject of Respondents' initial motion to dismiss, Judge Bacharach's prior Report, and the Court's prior Order.

Further, relying on regulations requiring periodic review of a detainee's custody status, 8 C.F.R. §§ 241.4 and 241.13, and a failure to allege these regulations were not followed, Respondents argue that the Petition fails to provide fair notice of the alleged due process violation. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). Respondents respectfully disagree with Judge Bacharach's finding that Petitioner's allegations are sufficient under *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

The Court agrees with Judge Bacharach that the nature of Petitioner's due process challenge is fairly stated by the Petition. The court of appeals has given "fuller meaning" to the standard for Rule 12(b)(6) motions in light of *Bell Atlantic* and *Erickson* as follows: "we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Here, in addition to the factual allegations quoted above, which appear in a fill-in-the-blank form used by immigration detainees seeking habeas relief, Petitioner alleges in an attached addendum that he has been denied an individualized determination whether he should be detained under Section 1231(a)(6): "There is no administrative mechanism in place for the appellant to demand a decision, or ensure that a decision will ever be made, or appeal a custody decision that violates *Zadvydas* . . . ." *See* Pet. [Doc. 1, attach. 1] at 12.

Liberally construed, the Court views the Petition as stating a due process claim challenging the administrative process employed by ICE to continue his detention beyond the removal period. While Respondents report in their motion to dismiss that ICE has faithfully applied to Petitioner federal regulations adopted to implement the due process protections afforded to immigration detainees under *Zadvydas*, these facts are matters outside the Petition that are not appropriate for consideration on a motion to dismiss. Equally important, Respondents did not present this argument as a basis for dismissal in their motion; it appears for the first time in their objection. *See* Resp'ts

Mot. Dism. Remaining Claims [Doc. 22] at 3-5. The Court declines to consider new matter raised for the first time in objection to Judge Bacharach's Report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Therefore, upon *de novo* review of the issues properly presented, the Court finds that dismissal of Petitioner's procedural due process claim is unwarranted.

IT IS THEREFORE ORDERED that the Court adopts Judge Bacharach's Report and Recommendation [Doc. 27]. Respondents' motion to dismiss [Doc. 22] is GRANTED as to Petitioner's claims involving mandatory detention and violation of international law, and DENIED with respect to Petitioner's claim alleging a deprivation of procedural due process.

This matter is re-referred to Judge Bacharach under 28 U.S.C. § 636(b)(1) for further proceedings regarding the procedural due process claim.

IT IS SO ORDERED this 21st day of February, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE